Filed 5/16/13  P. v. Alvarez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B244740 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA121869) |
| v. | |
| JOSE F. ALVAREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Pat Connolly, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Jose Fernando Alvarez was convicted, following a jury trial, of one count of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1)[1] and one count of mayhem in violation of section 203 on Jose Robles and two counts of simple assault in violation of section 240 on Nictcha Macias. The jury found true the allegation that appellant personally inflicted great bodily injury on Robles in the commission of the assault with a deadly weapon within the meaning of section 12022.7, subdivision (a). The trial court sentenced appellant to the mid-term of three years for the assault with a deadly weapon conviction, plus a three year enhancement term for the great bodily injury allegation plus six months for one of the simple assault convictions. Sentence on the mayhem conviction and the second simple assault conviction was stayed pursuant to section 654.

Appellant appeals from the judgment of conviction, contending that the second simple assault conviction must be reversed and that his fines and fees must be adjusted accordingly. We affirm the judgment of conviction.

Facts

On October 9, 2011, a party took place at the residence of Nictcha Macias, located at 811 East Palmer Street in Compton. There were about 30 people present including Jose Robles, his wife Esmeralda Macias, and appellant.

Around midnight, as appellant and his wife Shawntel were leaving, an argument started between Shawntel and Esmeralda about who looked nicer. Appellant became involved. Georgina Macias also became involved and slapped another guest. Another guest pulled Georgina away and in the process Georgina slipped and fell to the ground. Georgina's husband became upset, thinking that someone had hit his wife.

Nictcha tried to calm Georgina's husband down. Appellant then pushed Nictcha. She pushed him back. He punched her in the mouth and continued hitting her all over her face. He also hit her on her chest, legs and arms. Nictcha raised her arms to protect her

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

face. Appellant then hit her with a glass beer bottle between the eyes. She heard a cracking sound.

When Robles saw appellant strike Nictcha with the bottle, he intervened to try to separate them. Appellant hit Robles on the forehead with the beer bottle. Nictcha heard the bottle shatter. Appellant then resumed hitting Nictcha, and continued until someone else pulled him off. Appellant then left the party.

Nictcha tried to call the police. She saw appellant return. He pointed a gun at her and said, "I'm going to kill you, bitch." Nictcha ran into her house and succeeded in calling the police.

Los Angeles Deputy Sheriff Edward Clark arrived at the house about 12:30 a.m. He observed that Nictcha had swelling around her nose and forehead. She said that she was in pain.

Robles went to the hospital, where he received 14 stitches. He developed a scar on his forehead, another on his nose and a third on his chin.

Los Angeles Sheriff's Department Detective Gerardo Magos interviewed Nictcha, who said that appellant had hit her with his fists and with a bottle. Detective Magos then interviewed appellant at his house. Appellant said that he was defending a friend who was assaulted at the party. Appellant said that he was assaulted by a female who punched him in the face and head. Detective Magos obtained a search warrant, searched appellant's residence and found a replica pistol. The detective then arrested appellant. Appellant admitted that he had punched a female at the party. He denied seeing or being involved with any incident with a beer bottle.

Appellant testified in his own defense at trial. He stated that a woman attacked him at the party and he eventually hit her back in self-defense. He then left the party with his wife.

Several party guests also testified on appellant's behalf. The female guests all stated that Nictcha attacked appellant first, and that he then hit her in the face. Two of them said that a man named Gordo hit Robles with the beer bottle. Juan Herrera claimed that a woman hit appellant, and when Herrera tried to intervene, she hit him with a beer

3

bottle.  Robles then approached Herrera with a beer bottle.  Herrera grabbed the bottle and hit Robles.  Robles beat Herrera and threatened to kill him.

Discussion

1. Simple assault convictions

Appellant was charged with one count of assault with a deadly weapon on Nictcha and one count of assault by means of force likely to cause great bodily injury on Nictcha, but the jury convicted appellant of the lesser included offense of simple assault on both counts.  Appellant contends that the two convictions for simple assault mean that he was convicted twice of the same charge for the one act involving one victim, and that one conviction must be reversed.

Section 954 provides in pertinent part:  "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated.  The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court."

Thus, "[i]n general, a person may be convicted of, although not *punished* for, more than one crime arising out of the same act or course of conduct.  'In California, a single act or course of conduct by a defendant can lead to convictions "of *any number* of the offenses charged."  (§ 954, italics added; [Citation.]'  (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034 [16 Cal.Rptr.3d 902, 94 P.3d 1098].)  Section 954 generally permits multiple conviction.  Section 654 is its counterpart concerning punishment.  It prohibits multiple punishment for the same 'act or omission.'  When section 954 permits multiple conviction, but section 654 prohibits multiple punishment, the trial court must stay

4

execution of sentence on the convictions for which multiple punishment is prohibited. [Citations.]"  (*People v. Reed* (2006) 38 Cal.4th 1224, 1226-1227.)

Appellant contends that the assault with a deadly weapon charge and assault by means of force likely to produce great bodily injury charge are in effect "different statements of the same offense" and that only one act underlay both charges.  The prosecutor's arguments, however, show that the two charges are based on two different acts.  The prosecutor told the jury that the assault with a deadly weapon charge was based on appellant's act of hitting the victim with a beer bottle, while the assault by means of force likely to produce great bodily injury charge was based on appellant's act of punching and hitting the victim.[2]  Thus, the prosecutor charged appellant with two different crimes arising from the same course of conduct.  This was permissible under California law.  (*People v. Reed*, *supra*, 38 Cal.4th at pp. 1226-1227.)

Had the jury convicted appellant as charged, those two convictions would have been permissible.  (*People v. Reed*, *supra*, 38 Cal.4th at pp. 1226-1227; § 954 ["defendant may be convicted of any number of the offenses charged"].)  The jury convicted appellant of only the lesser included offense of simple assault on both counts, however.  Appellant contends that this verdict shows that the jury found that he did not assault the victim with a beer bottle.  He concludes that only one assault actually occurred.  We do not agree.

---

[2] The prosecutor first discussed "counts 1 and 2 . . . assault with a deadly weapon." She argued:  "Now, so there is no doubt that the beer bottle is a deadly weapon, when somebody comes at you in the manner that the defendant came at Mr. Robles and at Nictcha Macias – because he also hit her with the beer bottle, and this applies also to her count . . . ."

Later the prosecutor stated:  "I'm going to move on to count 4, which charges assault with force likely to produce great bodily injury."  She explained:  "This charge is only as to Nictcha Macias. [¶] Okay.  And the difference in this charge versus the charge before it is that the last charge involved using a deadly weapon.  This does not involve using a deadly weapon.  It involves using force that could produce great bodily injury to a person . . . ."  She argued:  "And when somebody the size of the defendant punches you, or is striking you, or attempts to strike you, you're going – it is very possible that you can suffer injuries amounting to great bodily injury."

The jury's verdict shows only that it did not find that appellant used the beer bottle as a deadly weapon. The jury was instructed that a deadly weapon other than a firearm is "any object, instrument, or weapon that is inherently deadly or dangerous or one that is used in such a way that it is capable of causing and likely to cause death or great bodily injury." A bottle is not inherently deadly or dangerous. Thus, the beer bottle was a deadly weapon only if appellant actually used it in a way that it was capable of causing and likely to cause death or great bodily injury. The jury's finding shows that appellant did not use the bottle on Nictcha in such a manner.[3] That is not the same thing as finding that he did not use it all. If the jury had believed that appellant did not use the bottle at all, it would have found him not guilty of any offense on count 2 (the assault with a deadly weapon charge).

To the extent that appellant relies on *People v. Roberts* (1953) 40 Cal.2d 483, *People v. Knowles* (1950) 35 Cal.2d 175, and *People v. Clemett* (1929) 208 Cal. 142 to show that only one conviction can stand, that reliance is misplaced. None of those cases considers section 954, which permits multiple convictions. The courts in all three cases were concerned with the issue of multiple punishment. (*People v. Roberts, supra,* 40 Cal.2d at p. 491 ["'[a]cts constituting but one offense when committed by the same person at the same time, when combined, charge but one crime and but one punishment can be inflicted.'"]; *People v. Knowles*, *supra*, 35 Cal.2d at pp. 186-189 [discussing section 654]; *People v. Clemett*, *supra*, 208 Cal. at pp. 146-147 [A defendant cannot "be tried and punished for an offense consisting of one or more of such incidents. To do so would be to inflict double punishment."].) This is understandable, since at the time those cases were decided, "the question whether multiple conviction was permitted was essentially the same as the question whether section 654 prohibited multiple

---

[3] The jury did find that appellant used the bottle in such a manner on Robles. However, Robles needed 14 stitches as the result of the blow with the beer bottle, and was left with scars on his forehead, nose and chin. Nictcha's injuries were not as severe. Thus, the jury could reasonably have found that appellant applied more force on Robles than Nictcha, and thus used the bottle in a manner likely to cause great bodily injury on Robles, but not Nictcha.

punishment." (*People v. Correa* (2012) 54 Cal.4th 331, 338, fn. 9.)  Some early cases simply set aside the excess conviction when section 654 was found to apply.  (*People v. Benson* (1998) 18 Cal.4th 24, 39 (dis. opn. of Chin, J.).)  "The now familiar procedure of staying the punishment while preserving the conviction did not develop until later." (*People v. Correa, supra,* 54 Cal.4th at p. 338, fn. 9.)[4]  In the present case, punishment on the second simple assault conviction is stayed pursuant to section 654, and there is no issue of multiple punishment.  Thus, the reasoning of *Roberts, Knowles*, and *Clemett* is of little value in this case.

2. Fees and assessment

Appellant contends that if the conviction in count 2 is reversed, the fees and assessments imposed in connection with that conviction must be stricken.  Appellant's conviction on count 2 stands, and so the fees and assessments also stand.

Disposition

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ARMSTRONG, J.

We concur:

TURNER, P. J.                    MOSK, J.

---

[4] The modern procedure of staying the impermissible punishment "was first used in *People v. Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11] (*Niles*).  In *Niles*, the trial court did what has become the standard; it 'stay[ed]' sentence on the lesser offense.  The appellate court considered whether that procedure satisfied section 654's prohibition against multiple punishment.  In a thoughtful discussion that established the legal foundation for future section 654 jurisprudence, the court found the 'stay' did satisfy section 654." (*People v. Benson, supra,* 18 Cal.4th at p. 39 (dis. opn. of Chin, J.).)